United States District Court
Southern District of Texas
**ENTERED**
April 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AUNDRE HOWARD, | § |
| *Plaintiff*, | § |
| v. | § CIVIL ACTION H-21-1179 |
| CITY OF HOUSTON, TEXAS, *et al.*, | § |
| *Defendants*. | § |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the City of Houston (the "City") and Art Acevedo's (collectively, the "City Defendants") motion to stay all proceedings pending a determination of Acevedo's interlocutory appeal. Dkt. 68. Having considered the motion, response, replies, and the applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

This case arises out of alleged police misconduct during a traffic stop. *See* Dkt. 28. Plaintiff Aundre Howard brought claims against four Houston police officers and the City Defendants. *Id.* The court discussed the allegations in detail previously and will not repeat them here. *See* Dkt. 57 at 1–4. The City Defendants and three police officers—Thomas Serrano, Nadeem Aslam, and Earl Attebury—filed separate motions to dismiss for failure to state a claim. Dkts. 31, 32, 33, 34, 42. In their motions, Acevedo and the three officers invoked qualified immunity. Dkts. 31, 32, 33, 42.

The court's February 16, 2022, order denied qualified immunity for Acevedo on Howard's excessive force claim. Dkt. 57 at 17–22. While the court dismissed multiple claims, claims remain against the City Defendants and Serrano. *Id.* at 30–31. A fourth officer, Lucas Vieira,

subsequently filed a motion to dismiss that is still pending. Dkt. 60. On March 16, 2022, Acevedo filed a notice of interlocutory appeal on the denial of qualified immunity. Dkt. 66. The next day, the City Defendants filed the instant motion to stay all proceedings pending the resolution of that appeal. Dkt. 68.

## II. Legal Standard

The power to stay a case is an inherent power of the court to control its docket with "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936). It comes from the court's "authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). Analysis of a motion to stay involves weighing competing interests and maintaining an even balance. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55). The moving party bears the burden of justifying a delay. *Id.*

## III. Analysis

Acevedo's notice of interlocutory appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400 (1982)). Thus, the court "does not have the power to 'alter the status of the case as it rests before the Court of Appeals.'" *Dayton Indep. Sch. Dist. v. U.S. Min. Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (quoting *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 820–21 (5th Cir. 1989)).

The City Defendants request that the court go further and stay all proceedings, including aspects of the case not involved in the appeal. *See* Dkt. 68. As the movants, the City Defendants have the burden of justifying the delay caused by such a stay. *See Wedgeworth*, 706 F.2d at 545.

To this end, the City Defendants put forth two arguments in favor of a stay.[1] *See* Dkt. 68. First, the City Defendants claim that Acevedo's qualified immunity would "effectively be lost" absent a stay. *Id.* ¶ 10. Second, the City Defendants argue that because the claims against the City and Acevedo involve identical facts, discovery requests relating to those facts would improperly alter the status of the appellate proceedings. *Id.* ¶¶ 11–12. The court rejects both arguments.

Acevedo has the right to immediately appeal the court's denial of qualified immunity "[b]ecause immunity is 'effectively lost if a case is erroneously permitted to go to trial.'" *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526–27, 105 S. Ct. 2805 (1985)). "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Id.* (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)).

From this, the City Defendants argue that unless all proceedings are stayed, Acevedo will effectively lose qualified immunity because he will be "required to engage in discovery, defend the allegations against him, and participate in pretrial and trial of this matter." Dkt. 68 ¶ 10. However, the City Defendants have not explained how allowing discovery to proceed for the claims against the City, Serrano, and Vieira—which are not on appeal—would cost Acevedo anything. *See* Dkts. 68, 73. Therefore, at best, the court concludes that this argument potentially justifies only a stay of proceedings for claims against Acevedo, but the City Defendants' second argument undercuts that more limited position.

---

[1] In their reply, the City Defendants also make the dubious argument that Howard's response to the instant motion was so insufficient that the court ought to deem he waived any opposition to the proposed stay. *See* Dkt. 73 ¶ 3. Howard's response, while minimal, clearly opposes the instant motion and asserts legal arguments with citations to binding and persuasive authority. *See* Dkt. 72. The court concludes that the instant motion is properly opposed and will rule on the merits.

Howard's claims against the City rely on the same alleged facts as those supporting his claim against Acevedo. Dkt. 68 ¶ 12. The City Defendants' second argument is that since both sets of claims involve the same facts, then Acevedo's appeal necessarily impacts the claims against the City, and the court should stay the case pending that appeal. *Id.* This argument fails because the City is a municipality and does not enjoy qualified immunity. *See Trent v. Wade*, 776 F.3d 368, 388 (5th Cir. 2015) ("It is well established that 'municipalities have no immunity from damages liability flowing from their constitutional violations.'" (quoting *Owen v. City of Independence*, 445 U.S. 622, 657, 100 S. Ct. 1398 (1980))). The sole issue on appeal is the court's order denying qualified immunity to Acevedo. *See* Dkt. 66. The court's order was on a Rule 12(b)(6) posture. Dkts. 33, 57. In considering a Rule 12(b)(6) motion, the court generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Thus, the limited scope of the appeal—whether Acevedo is entitled to qualified immunity under the facts alleged in the complaint—has no impact on the claims against the City, and subsequent discovery will not alter an analysis of the complaint.

Further, the mutual implication of the same alleged facts between claims against the City Defendants supports *denying* a stay in the instant case. Qualified immunity "is a right to immunity *from certain claims*, not from litigation in general." *Behrens v. Pelletier*, 516 U.S. 299, 312, 116 S. Ct. 834 (1996) (emphasis original). To the extent that a defendant is subject to discovery for claims for which he cannot assert qualified immunity, an interlocutory appeal on qualified immunity does not impact such discovery requests. *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007). Thus, even if Acevedo obtains qualified immunity on appeal, he would still be required to

subject himself to the same discovery requests because the facts involved would be relevant to the claims against the City.

Instead of showing justification for the delay caused by a stay, the City Defendants' arguments only clarify that proceeding with discovery and other pretrial matters would be the most efficient and just course of action in this situation. A motion that would alter the status of the appeal must be stayed for lack of jurisdiction. *See, e.g., Wooten*, 964 F.3d at 404 (accepting an amended complaint wrongfully alters the status of an interlocutory appeal). However, courts often allow discovery to proceed for claims against other defendants while one defendant pursues an interlocutory appeal for denial of qualified immunity. *See, e.g., Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 733 (N.D. Tex. 2014) (while the city manager pursued an interlocutory appeal of the denial of qualified immunity, the district court permitted discovery to proceed for the claims against the City of Balch Springs—including discovery requests of the city manager). By the City Defendants' own admission, any discovery requests for Acevedo will relate to the claims against the City. Dkt. 68 ¶ 12. Thus, even if Acevedo obtains qualified immunity on appeal, he will be subject to the same discovery requests, and there is no need to cause unnecessary delay. *See Dusek*, 492 F.3d at 565.

Finally, defendants Serrano and Vieira filed a reply brief in support of the City Defendants' motion, arguing that a stay is proper because neither officer is currently subject to *any* discovery. Dkt. 76 ¶ 5. Serrano and Vieira overstate the scope of any potential qualified immunity. *See Pelletier*, 516 U.S. at 312. Serrano was denied qualified immunity for allegedly conducting an unreasonable strip search. Dkt. 57 at 23–28. Serrano did not appeal, and discovery is proper concerning that claim. Vieira's claim of qualified immunity is still pending before the court.

5

Dkt. 60. However, like Acevedo, both officers are properly subject to discovery requests for the claims against the City. *See Dusek*, 492 F.3d at 565.

## IV. CONCLUSION

For the reasons provided above, the court concludes that it would be most efficient to proceed with discovery and other pretrial proceedings that do not alter the status of Acevedo's appeal. Additionally, the defendants have failed to justify further delay. Therefore, the City Defendants' motion to stay (Dkt. 68) is DENIED.

Signed at Houston, Texas on April 18, 2022.

_____
Gray H. Miller
Senior United States District Judge