United States District Court
Southern District of Texas
**ENTERED**
June 10, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AUNDRE HOWARD, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-21-1179 |
| | § | |
| CITY OF HOUSTON, TEXAS, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Houston Police Department ("HPD") officer Lucas L. Vieira's ("Officer Vieira") motion to dismiss (Dkt. 60) and plaintiff Aundre Howard's ("Howard") unopposed motion for leave to file a surreply (Dkt. 83). Officer Vieira moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(4) for insufficient process and to dismiss some claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. 60. Having considered the motions, response, reply, surreply, and the applicable law, the court is of the opinion that Howard's motion should be GRANTED, and Officer Vieira's motion should be GRANTED IN PART AND DENIED IN PART.

**I. BACKGROUND**

This case involves allegations that HPD officers violated Howard's Fourth and Fourteenth Amendment rights during a traffic stop in the summer of 2019. Dkt. 28 ¶¶ 8–9. Howard brings § 1983 claims against Officer Vieira for excessive force and an unreasonable strip search along with a state-law claim for assault and battery. *Id.* ¶¶ 60–67. The court has already outlined the factual allegations in detail and will not recite them in their entirety here. *See* Dkt. 57 at 1–4.

Relevant to the instant motion, Howard's first amended complaint describes four moments where Officer Vieira allegedly used excessive force. *See* Dkt. 28 ¶¶ 15–21. First, Officer Vieira allegedly used a pair of handcuffs as "brass knuckles" and beat Howard on the back of the head at least three times. *Id.* ¶ 15. Second, after the alleged beating, Officer Vieira allegedly poked at Howard's head and pushed it down while walking Howard back to the squad car. *Id.* ¶¶ 18–19. Third, Officer Vieira allegedly slammed Howard against the squad car's hood to conduct a strip search. *Id.* ¶ 20. Fourth, Officer Vieira allegedly forced Howard to the pavement after conducting the strip search causing contusions to Howard's face. *Id.*

Howard filed suit against Officer Vieira, the City of Houston, police chief Art Acevedo, and three other HPD officers on April 11, 2021. Dkt. 1. The court granted multiple extensions to serve Officer Vieira after Howard represented the process served had made multiple attempts. *See* Dkts. 13, 37, 51, 56. After receiving permission from the court, Howard amended his complaint on August 31, 2021. *See* Dkt. 28. On February 16, 2022, the court issued its memorandum opinion and order concerning the other five defendants' motions to dismiss. Dkt. 57. Five days later, Officer Vieira was served with a summons that included Howard's original complaint but not the first amended complaint. Dkts. 58; 60, Ex. 1.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(4), a defendant may challenge an action for "insufficient process." Fed. R. Civ. P. 12(b)(4). "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service.'" *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting 5B Wright & Miller, *Federal Practice and Procedure: Civil* 3d § 1353). "An amended complaint supersedes the

original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Thus, "service of a superseded complaint . . . is not proper service." *Carr v. City of Spring Valley Vill.*, No. 19-20373, 2022 WL 1553539, at *3 (5th Cir. May 17, 2022) (per curiam). "When process or the manner of its service is insufficient, 'federal courts have broad discretion to dismiss the action or to retain the case but quash the service.'" *Chapman v. Trans Union LLC*, No. CIV.A. H-11-553, 2011 WL 2078641, at *1 (S.D. Tex. May 26, 2011) (quoting 5B Wright & Miller, *supra* § 1354). A motion to dismiss "will be granted only when the defect is prejudicial to the defendant . . . [o]therwise the court will allow an amendment of the process to correct the defect." 5B Wright & Miller, *supra* § 1353.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

## III. ANALYSIS

### A.  Leave to File Surreply

Officer Vieira filed a notice of supplemental authority relevant to the instant motion to dismiss for insufficient process.  Dkt. 81.  In response, Howard filed an unopposed motion to file a surreply that included the proposed surreply.  Dkt. 82.  Howard's motion is GRANTED, and the court will consider the arguments presented in the surreply.

### B.  Insufficient Process

The parties agree that Officer Vieira was served with a superseded complaint.  *See* Dkts. 60 ¶ 24, 70 at 3.  Thus, the service was improper.  *See Carr*, 2022 WL 1553539, at *3.  Officer Vieira argues that the improper service necessitates dismissal.  Dkt. 60 ¶ 29.  The court disagrees.

Officer Vieira has made no showing that the improper service has caused prejudice.  *See* Dkts. 60, 73, 81.  Proper service is required "to provide actual notice to the defendant of the pendency of litigation against it."  *Mable v. Navasota Indep. Sch. Dist.*, No. 4:09-CV-123, 2010 WL 11453632, at *2 (S.D. Tex. June 16, 2010) (denying the defendant's motion to dismiss under Rule 12(b)(4) due to a lack of prejudice after being served with a superseded complaint), *report and recommendation adopted*, No. 4:09-CV-123, 2010 WL 11453633 (S.D. Tex. July 9, 2010)

(Miller, J.). The two complaints are very similar, containing the same core factual allegations and bringing the same causes of action against Officer Vieira.  *Compare* Dkt. 1, *with* Dkt. 28.  Thus, the court concludes that Officer Vieira had actual notice of the Howard's claims against him and has not suffered prejudice.

Nevertheless, service of a superseded complaint is improper even if it is not prejudicial.  *See Carr*, 2022 WL 1553539, at *3.  When improper service does not result in prejudice to the defendant, the court should "allow amendment of the process to correct the defect" rather than dismiss the case.  5B Wright & Miller, *supra* § 1353; *see also Chapman*, 2011 WL 2078641, at *1; *La. Acorn Fair Hous. v. Quarter House*, 952 F. Supp. 352, 355 (E.D. La. 1997).  Therefore, Officer Vieira's motion to dismiss for insufficient process is DENIED, and the court ORDERS Howard to serve Officer Vieira in accordance with Federal Rule of Civil Procedure 4 within twenty-one days of the date of this order.

## C.  Failure to State a Claim

Officer Vieira argues that Howard has failed to allege plausible facts to state a § 1983 claim for excessive force in relation to the second and third moments of alleged excessive force and asserts qualified immunity for the same moments of alleged excessive force.[1]  Dkt. 60 at 10–16. Officer Vieira also claims statutory immunity for Howard's state-law assault and battery claim. *Id.* at 16–19.  The court agrees.

---

[1]     Officer Vieira did not move to dismiss Howard's § 1983 claims for the alleged unreasonable strip search or the first and fourth moments of alleged excessive force.  *See* Dkt. 60.

### 1. Excessive Force Claims

When there are distinct moments of alleged excessive force, it is proper to analyze each separately.  *See Tucker v. City of Shreveport*, 998 F.3d 165, 171 (5th Cir. 2021), *cert. denied sub nom. Tucker v. City of Shreveport, La.*, 142 S. Ct. 419 (2021) (concluding that officers tackling a suspect and then punching and kicking him while on the ground "are 'two distinct moments of force' that must be separately analyzed").  Howard alleges four distinct moments of excessive force.  Dkt. 28 ¶¶ 15–20.  Officer Vieira argues that Howard has failed to state a § 1983 claim for the second and third moments of alleged excessive force because those moments resulted in only *de minimis* injury—poking and pushing down on Howard's head while walking to the car and then later slamming Howard against the squad car.  Dkt. 60 at 10–13.

Howard need not allege a significant injury for an excessive force claim, but he must allege an injury that is "more than *de minimis*."  *See Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005) (holding that pain and bruising on the arrestee's wrists from handcuffing were *de minimis* injuries and could not support an excessive force claim).  While analyzing the City of Houston's motion to dismiss, the court held that Howard alleged a *de minimis* injury from the second and third moments of force because he allegedly suffered only temporary pain without lasting effect. Dkt. 57 at 9–10.

Howard urges the court to reconsider its analysis of whether he suffered *de minimis* injury and attempts to distinguish *Tarver* from the allegations against Officer Vieira.  Dkt. 70 at 11–12. After reviewing Howard's argument, the court concludes its previous analysis was correct and applies equally to the claims against Officer Vieira and the City of Houston.  Temporary pain without lasting effect allegedly suffered while an officer attempted to control an arrestee who had

6

already attempted to flee is a *de minimis* injury. *See Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017) ("objectively reasonable force will result in *de minimis* injuries only" (quoting *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013))).  Thus, the injuries alleged by Howard for the second and third moments are *de minimis* and cannot support a § 1983 claim for excessive force. *See Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007) (bruising on wrists and arms from handcuffs were *de minimis*); *Tarver*, 410 F.3d at 752 (pain and bruising on wrists from handcuffing were *de minimis*); *see also Brooks v. City of W. Point, Miss.*, 639 F. App'x 986, 990 (5th Cir. 2016) (abrasions to the  hands and knees, some pain in the back and neck, and unspecified problems with asthma were *de minimis*).

Howard also asks the court to approach the question of injury holistically rather than seek to identify the injury suffered from each distinct moment of force. Dkt. 70 at 11.  The court rejects this approach because it runs counter to the Fifth Circuit's instruction that distinct moments of alleged excessive force must be analyzed separately. *See Tucker*, 998 F.3d at 171.  Therefore, Officer Vieira's motion to dismiss these claims is GRANTED.

### 2. State-Law Assault and Battery Claim

Officer Vieira invokes statutory immunity under Tex. Civ. Prac. & Rem. Code § 101.106(f) for Howard's state-law assault and battery claim.  Dkt. 60 ¶¶ 54–61. "[S]ection 101.106(f) essentially prevents an employee from being sued at all for work-related torts and instead provides for a suit against the governmental employer." *Garza v. Harrison*, 574 S.W.3d 389, 400 (Tex. 2019).  Under section 101.106(f), the court must "make a determination as to (1) whether the alleged conduct was within or without the scope of the officers' employment, and (2) whether [the plaintiff's] suit could have been brought under the TTCA against the officers' governmental

employer." *Alexander v. Walker*, 435 S.W.3d 789, 791–92 (Tex. 2014).  Howard claims that the allegations against Officer Vieira satisfy neither prong and statutory immunity is inapplicable.  *See* Dkt. 70 at 12–13.  The court disagrees.

First, Howard argues that while Officer Vieira had a duty to arrest Howard, he had no duty to use handcuffs to beat Howard and thus was allegedly acting outside the general scope of his employment.  *Id.* at 13.  The Texas Supreme Court rejected such an argument in *Alexander v. Walker*, where the plaintiff sued police officers for assault and other torts arising from two separate arrests.  *See* 435 S.W.3d 789, 790 (Tex. 2014) (per curiam).  The *Alexander* court held that engaging in an arrest is generally within an officer's scope of employment, and allegations of "improper conduct in the course of arresting" the plaintiff were also "within the general scope of the officers' employment."  *Id.* at 792.

Second, Howard claims that because assault and battery is an intentional tort, and the TTCA does not waive immunity for intentional torts, then he could not have brought suit against Officer Vieira's employer. Dkt. 70 at 12–13.  The Texas Supreme Court has expressly rejected this argument as well and held "that for section 101.106(f), suit 'could have been brought' under the [TTCA] against the government regardless of whether the Act waives immunity from suit." *Franka v. Velasquez*, 332 S.W.3d 367, 385 (Tex. 2011).

The court concludes that the alleged facts satisfy both prongs of 101.106(f) and statutory immunity applies.  Therefore, Officer Vieira's motion to dismiss Howard's state-law assault and battery claim is GRANTED.

## IV. CONCLUSION

For the reasons provided above, Howard's motion for leave to file a surreply (Dkt. 83) is GRANTED.  Officer Vieira's motion to dismiss (Dkt. 60) is GRANTED IN PART AND DENIED IN PART.  The motion to dismiss for insufficient process is DENIED.  It is ORDERED that Howard serve Officer Vieira in accordance with Federal Rule of Civil Procedure 4 within twenty-one days of the date of this order.  Officer Vieira's motion to dismiss concerning the § 1983 claims for the second and third moments of alleged excessive force and the state-law assault and battery claim is GRANTED and those claims are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on June 10, 2022.

_____
Gray H. Miller
Senior United States District Judge